

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

RECEIVED
AUG 3 1 2015 ㅂAA
8-31-15
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

FILED
12/15/2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Dajuan L. Brown

_____

_____

**(Enter above the full name of the plaintiff or plaintiffs in this action)**

vs.

The County of Cook, A local public entity

_____

_____

_____

**(Enter above the full name of ALL defendants in this action. Do not use "et al.")**

Case:
(To

15cv7705
Judge Manish S. Shah
Magistrate Judge Jeffrey T. Gilbert
PC5

**CHECK ONE ONLY:**

✓     **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

_____     **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

_____     **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

1.) Plaintiff(s):
   A.) Name: Dayuan Brown
   B.) List all aliases: None
   C.) Prisoner identification number: (2012-0516159)
   D.) Place of present confinement: Cook County Jail.
   E.) Address: P.O. Box 089002, Chicago, IL 60608

2.) Defendant(s)
   A.) Defendant: The County of Cook, A Local Public entity.
       Title: (itself)
   Place of Employment: The department of Corrections, Cook County Jail.

List ALL lawsuits (you and your Co-plaintiff's, if any) have filed in any state or federal court of the United States:

A.) Name of Case and docket Number: CASE NO: 13-CV-8306

B.) Approximate date of filing lawsuit: 10/18/2013

C.) List all plaintiffs, (if you had Co-plaintiffs), including any aliases: None

D.) List All defendants: Doctor, Yu Do YAN K,

E.) Court in which the lawsuit was filed: The United States District Courthouse, Northern District of Illinois, (Eastern Division).

(Name of Judge to whom Case was assigned.)
F.) Honorable Manish S. Shah, and The Honorable Jeffrey T. Gilbert,

G.) Basic claim made: deliberate indifference, to serious medical condition of pulmonary Tuberculosis.

H.) Disposition of this Case: N/A

I.) Approximate date of disposition: N/A

PAGE 3 (Continued)

(Add on) List to ALL Lawsuits:

A.) Name of Case and docket number: CASE NO: 14 C 7777

B.) Approximate date of Filing lawsuit: 10/31/2014

C.) List all plaintiff's, (IF you had Co plaintiff's), including any aliases: None

D.) List All defendants: The County of Cook, The Cook County Jail, and employees, Thomas J. Dart, Mario Reyes, Superintendent Martinez of Division #10.

E.) Court in which the law suit was Filed: The United States District Court House, Northern District of Illinois, (Eastern Division.)

F.) Name of Judge to whom Cas was Assigned: The Honorable Manish S. Shah, and The Honorable Jeffrey T. Gilbert

G.) Basic Claim made: Over exposed to Radiation, by being Forced threw an X-Ray machine, without proper Assistance.

H.) Disposition of this CASE: N/A

I.) Approximate date of disposition: N/A

Continue of PAGE 3 (Add on)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF Illinois
EASTERN DIVISION

Dajuan Brown
      Plaintiff,
V.

The County of Cook, a Local public entity,
      Defendant,

## "PLAINTIFF's COMPLAINT"

Comes Now, plaintiff, Dajuan Brown, by and through his Jail House Attorney Mr. Scott. In Regards to helping Mr. Brown "Litigate and Translate" his Complaint. Which I Service Mr. Brown, for only this one Time. Because Mr. Brown is unstable due To his disorder's of "Strong psychotherapy Medication's. And Complaining of the Defendant, The plaintiff State as Follows:

## "INTRODUCTION"

1.) This action arises out of Dajuan Brown's unlawful development of Tuberculosis during his detention at the Cook County Jail in Chicago, Illinois. Mr. Brown's Life was endangered as a Result of the acts and omissions of the Defendant and his health and Quality of Life have been significantly and permanently damaged as a Result of the Defendant Failure to take proper Measures to ensure his safety

PAGE 1 OF 12

2.) Tuberculosis is a highly communicable disease which develops in the lungs and spreads when bacteria are transferred from one person to another. This can occur through coughing, sneezing or simply speaking. Individuals with active tuberculosis infection may experience a variety of painful symptoms, including but not limited to, chest pain, weight loss, chills, fever, weakness, loss of appetite, night sweats and a productive cough of blood or sputum. Those infected with tuberculosis may also face long-term and permanent damage to their respiratory and circulatory system, including their brain, gastrointestinal tract, lymph nodes, skin, joints and bones. If untreated, tuberculosis can lead to death.

3.) There are two primary tests which can detect a latent tuberculosis infection: (1) A tuberculosis skin test, which is also referred to as a Mantoux tuberculin skin test; and (2) A tuberculosis blood test, which is also called an interferon-gamma release assays or IGRAs. An individual can also be screened for tuberculosis through a history and symptoms assessment or a chest X-Ray. With the exception of the X-Ray, the tuberculosis tests are relatively quick and inexpensive to administer.

4.) It is well-documented that detainees at correctional facilities have a much higher risk of developing tuberculosis than the general population. Studies have indicated that detainees housed in jails can be up to seventeen times as likely to develop tuberculosis as the general population. This is due

to various socioeconomic factors, structural factors and overcrowding due to high levels of incarceration compared to relatively inadequate accommodations.

5.) The Cook County jail was established in 1928 and is the single largest jail in the United States. It has developed a reputation for overcrowding as a result of the large number of individuals that are detained at its facility. The County of Cook has also been on notice for many years that inmates housed at its facility are at risk and, in fact, have developed tuberculosis during their detentions. Futher, the County of Cook has historically failed to respond properly to cases of detainees diagnosed with Tuberculosis. A 1986 internal audit of the Cook County jail found that 49 percent of inmates with positive tuberculosis skin tests did not receive medical treatment for 50 days or more following their diagnoses. The audit also revealed that 43 percent of inmates with positive tuberculosis skin tests were discharged prior to the skin test being read.

6.) The County of Cook, and it's employee's failed to take reasonable steps to ensure Mr. Brown's safety. He was placed in a cell with an individual who exposed him to and ultimately infected him with tuberculosis. His repeated attempts to be relocated to another cell unit were ignored by the County of Cook, and it's employee's. And his repeated attempts to obtain proper treatment were ignored by Dr. Yu Oo yan K, the medical doctor responsible for treating him. Accordingly, the defendant's violated Mr. Brown's Constitutional

Rights under the Eighth and Fourteenth Amendment of the United States Constitution and he seeks damages for all such violations as detailed in this Complaint.

## JURISDICTION AND VENUE

7.) This action arises under the Constitution of the United States, the Eighth Amendment to the United States Constitution, 42 U.S.C. § 1983, Illinois State and Common Law Claims.

8.) The jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §§ 1331 and 1367 and the aforementioned Constitutional and Statutory Claims. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the Claims asserted in this Complaint occurred in this Judicial district.

## PARTIES

9.) Plaintiff, Dajuan Brown, is a resident of the State of Illinois and a pretrial detainee who is currently housed in Division 10 of the Cook County jail located at 2800 S. California Avenue, Chicago, Illinois 60608.

10.) Defendant, the County of Cook, is a County of the State of Illinois who, through its Board of Commissioners, is responsible for the Cook County jail's physical plant at 2800

S. California Avenue, Chicago, Illinois and has sole responsibility for funding all Cook County jail operations and programs.

## GENERAL ALLEGATIONS

11.) On May 16, 2012 plaintiff, Dajuan Brown, was taken into custody by the Cook County Department of Corrections and placed in Division six of the Cook County jail.

12.) Shortly after he was taken into custody, Mr. Brown underwent an initial intake medical screening, at which time he was not diagnosed with any respiratory illnesses or ailments.

13.) Mr. Brown was assigned to a cell at the Cook County jail, which he shared with another individual.

14.) Sometime after his detention in the Cook County jail, Mr. Brown began to notice that a cellmate suffered from an apparent respiratory ailment that caused him to cough loudly, repeatedly and for extended periods of time. Mr. Brown's cellmate frequently coughed on and around Mr. Brown filling their cell with sputum, mucus, saliva, bacteria and other respiratory by-products. Mr. Brown was unable to avoid breathing the particles that were produced when his cellmate coughed as a result of their close living quarters.

15.) Mr. Brown repeatedly implored his cellmate to seek medical treatment for his cough, but his cellmate did not seek treatment.

16.) Mr. Brown notified Defendant, the County of Cook, of his cellmate's apparent respiratory ailment and requested to be transferred to another cell, but his request were ignored and he remained in the cell for an extended period of time while his cellmate continued to cough up various respiratory by-products.

17.) In July or August of 2012 Mr. Brown began to experience physical symptoms, including chest pains, shortness of breath, significant weight loss and a persistent, painful cough which produced blood and sputum. Between July and August 2012, Mr. Brown repeatedly sought medical care from the administrators of the Cook County Jail for these symptoms, but said efforts proved unsuccessful.

18.) In approximately November of 2012 Mr. Brown finally obtained an appointment with Defendant's employee, Dr. Yu Doyawk, which Mr. Brown reported his symptoms to Defendant, The County of Cook, and it's employees. And requested treatment, but his requests were ignored and he continued to experience physical pain and suffering as well as emotional and psychological distress.

19.) Between November 2012 and April of 2013 repeatedly reported his symptoms to the defendant, The County of Cook, and it's employees, while continuing to experience debilitating physical, emotional and psychological pain and suffering. He did not (Receive) adequate treatment for his symptoms despite his repeated

pleas for medical care.

20.) On April 23, 2013 Mr. Brown was treated by Dr. Muzaffar Shirin, a pulmonologist, for his Respiratory ailment for the First time. Mr. Brown was provisionally diagnosed with Tuberculosis and Confirmed. Which he began his First Treatment plan called RIPE on the date of 9/20/2013, which was Fourteen Months later, after his original complaint of Issue's, documented on his request medical slip dated 11/8/2012. Due to the County of Cook, and it's employees inadequate medical Treatment, and Intentional Infliction of pain and suffering, Cruel and unusual punishment, and violation of due process clause. Mr. Brown damage his Right upper Lung Lube receiving a Calcified lymph node. Which is a permanent Lung Condition, that effects his Breathing, and chronic chest pains, and a violent chronic Cough that is painful for the plaintiff to maintain.

21.) Defendant, The County of Cook, and it's employees, knew or should have known that Tuberculosis is a highly communicable disease that can be easily spread by coughing, sneezing or speaking.

22.) Defendant, The County of Cook, and it's employees, knew or should have known that detainees of the Cook County Jail have a significantly higher Risk of developing Communicable diseases, such as Tuberculosis, than the general population because the detainees are forced to live in close quarters.

23.) Defendant, The County of Cook, and it's employees, knew or should have known that a detainee's complaint of his cell mate's persistent cough should be investigated immediately and a detainee exhibiting symptom's of Tuberculosis should be considered for isolation.

24.) As a direct and proximate result of defendant, The County of Cook, and it's employees. Through their Acts and/or omissions, Mr. Brown endured months of physical pain, mental anguish and emotional and psychological distress while his disease was left untreated. Mr. Brown Continues to suffer great pain and anguish and will permanently be Kept from attending to his ordinary affairs. He has lost and will, in the future, lose gains which he otherwise would have made and acquired, and he has become and will continue to become liable for large sums of money for medical, hospital care, and long term care and attention. He has suffered and will forever continue to suffer losses and pains to his mind and body.

## Count I
### (Section 1983 Claim Against Defendant the County of Cook) "Municipal Custom"

25.) Plaintiff repeats and realleges paragraphs 1 through 24 above as paragraph 25 of Count I of plaintiff's Complaint as if fully set forth herein.

26.) Defendant, The County of Cook, and it's employees, has for many years engaged in the practice of housing multiple detainees in one cell at the Cook County Jail. This practice has become a Municipal Custom at the Cook County Jail.

27.) Defendant, The County of Cook, and it's employees, has for many years engaged in the practice of providing detainees with a medical screening only when they are initially taken into custody at the Cook County Jail. This practice has become a Municipal Custom at the Cook County Jail.

28.) Detainees of the Cook County Jail do not receive regularly scheduled, preventative medical checkups notwithstanding the increased possibility of spreading diseases in light of their close living quarters.

29.) Defendant, The County of Cook, and it's employees, placed Mr. Brown in a cell with other individuals at the Cook County Jail in accordance with its Municipal Custom.

30.) Defendant, The County of Cook, and it's employees, did not provide regular medical checkups to Mr. Brown's cellmate and, consequently, did not diagnose him with Tuberculosis.

31.) As a direct and proximate result of Defendant the County of Cook's Municipal Custom, Mr. Brown was placed in a cell

with an individual who was infected with undiagnosed Tuberculosis. Mr. Brown became infected with Tuberculosis and endured months of physical pain, mental anguish and emotional and psychological distress while his disease was left untreated. Mr. Brown continues to suffer great and anguish and will permanently be kept from attending to his ordinary affairs. He has lost and will, in the Futher, lose gains which he otherwise would have made and acquired, and he has become and will continue to become liable for large sums of money for medical, hospital care, and long-term care and attention. He has suffered and will forever continue to suffer losses and pain to his mind and body.

WHEREFORE, plaintiff, Dayuan Brown, demands judgment against Defendant for compensatory damages, and for punitive damages and his reasonable attorney's fees and costs of this lawsuit pursuant to 42 U.S.C. 1983 and any other relief this Court deems proper.

## Count II
(Section 1983 Claim Against Defendant The County of Cook)
"Failure to Train"

32.) Plaintiff repeats and realleges paragraph 1 through 31 and paragraph 32 of Count II of plaintiff's Complaint as if set forth herein.

33.) Defendant, the County of Cook, did not provide its employees with adequate training in the detection and prevention of the spread of tuberculosis notwithstanding their duties to provide adequate medical care to the detainees of the Cook County Jail.

34.) Defendant, the County of Cook, demonstrated deliberate indifference to the needs of the detainees of the Cook County Jail. By failing to train its employees on the proper and necessary measures to detect and prevent the spread of Tuberculosis.

35.) As a direct and proximate result of Defendant the County of Cook's failure to properly train its employees. Mr. Brown became infected with Tuberculosis, and endured months of physical pain, mental anguish and emotional and psychological distress, while his disease was left untreated. Which by the County of Cook, and its employees inadequate medical treatment, and Intentional Infliction of pain and suffering, Cruel and unusual punishment, and Violation of due process clause. Mr. Brown damage his right upper lung lube, receiving a calcified lymph node, which is a permanent lung condition, that effects his breathing, and chronic chest pains, and a violent chronic cough that is painful for the plaintiff to maintain. Mr. Brown continue to suffer great pain and anguish and will permanently be kept from attending to his ordinary affairs. He has lost and will, in the future, lose gains which he otherwise

would have made and acquired and he has become and will continue to become liable for large sums of money for medical, hospital care, and long term care and attention. He has suffered and will forever continue to suffer losses and pain to his mind and body.

Plaintiff DEMANDS TRIAL BY JURY.

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this Certification is not correct, I may be subject to sanctions by the Court.

Signed this 8 day of 10, 2015.

_Dajuan Brown_
Signature

Dajuan Brown #(2012-0516159)
P.O. Box 089002
Chicago, IL 60608

PAGE 12 OF 12

# Certificate of Service

I Dajuan Brown, swear under penalty of perjury, that I served a copy of the attached documents on the U.S. Department of Justice 219, South, Dearborn street, Chicago, IL 60604, By placing in the mail at the Cook County Jail Correctional Center on Date: (08/10/2015)

X Dajuan Brown
Signature

Case Title: Dajuan Brown -vs- The County of Cook, et, al, pursuant to 28 U.S.C. 1746, 18 U.S.C 1621 or 735 ILCS 5/109. I declare under penalty of perjury that the foregoing is true and correct, executed at The Cook County Jail Correctional Center on Date: 08/10/2015

X Dajuan Brown
Signature